**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| TIFF'S TREATS HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RYAN RICH D/B/A HOT BOX COOKIES, | § | Civil Action No. 6:20-cv-1075 |
| HOT BOX COOKIES, LLC, and | § | |
| COOKIE PEDDLERS, LLC D/B/A HOT | § | |
| BOX COOKIES, | § | |
| | | |
| Defendants. | | |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff Tiff's Treats Holdings, Inc. ("Tiff's Treats"), by and through its undersigned attorneys, as and for its Complaint against Defendants Ryan Rich D/B/A Hot Box Cookies, Hot Box Cookies, LLC, and Cookie Peddlers, LLC D/B/A Hot Box Cookies (collectively, "Defendants" or "Hot Box Cookies"), hereby alleges as follows based on knowledge of Tiff's Treats' own actions, and on information and belief as to all other matters:

### SUMMARY OF THE ACTION

1.      This is an action for statutory trademark infringement and unfair competition under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et. seq. ("Lanham Act"), and trademark infringement, dilution, and unfair competition under the statutory and common law of the State of Texas.

2.      More specifically, Tiff's Treats alleges that Defendants are willfully and continuously infringing Tiff's Treats' trademarks and trade dress, and unfairly competing with

Tiff's Treats through Defendants' use of confusingly similar trademarks and trade dress for its own bakery business.

## **JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 et. seq. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law because those claims are so related to the claims over which there is original subject-matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      This Court also has subject matter jurisdiction on the separate and independent ground of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      The Court has personal jurisdiction over Defendants because Defendants have conducted business activities in this state and are conducting business in this State and District, and/or have committed and are committing torts in whole or in part in this State, as described below, including without limitation, acts of trademark infringement, unfair competition, and dilution.   Defendants, individually and collectively, have committed and are committing intentional acts as described above that are expressly aimed at Tiff Treat's, its headquarters, and its intellectual property within both the State of Texas and this District; Defendants' actions have caused actual harm that the Defendants knew was likely to be suffered in the State of Texas and

this District. Based on the foregoing, this Court has long-arm personal jurisdiction over Defendants.

6.     A substantial part of the events giving rise to the claims asserted, *infra*, occurred in this District. Moreover, a substantial part of the intellectual property that is the subject of the action is situated in this District. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

7.     Defendants are subject to personal jurisdiction in this District. Accordingly, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

8.     Plaintiff Tiff's Treats Holdings, Inc. is a corporation organized under the laws of the State of Texas, with its principal place of business at 8310-1 N. Capital of Texas Highway, Suite 110, Austin, Texas 78731.

9.     Defendant Ryan Rich is an individual believed to have a principal residence at 7532 Cromwell Drive, Apartment 3N, Clayton, Missouri 63105-2955.  Defendant Ryan Rich is CEO, a member and owner of Hot Box Cookies, LLC and Cookie Peddlers, LLC, and filed an assumed name record (D/B/A) for "Hot Box Cookies."

10.     Defendant Hot Box Cookies, LLC is a limited liability company organized under the laws of the State of Missouri, with its principal place of business at 120 S. Central Avenue, Suite 1800, Saint Louis, Missouri 63105.

11.     Defendant Cookie Peddlers, LLC is a limited liability company organized under the laws of the State of Missouri, with its principal place of business at 120 S. Central Avenue,

Suite 1800, Saint Louis, Missouri 63105, which filed an assumed name record (D/B/A) for "Hot Box Cookies."

## FACTUAL BACKGROUND

### Plaintiff Tiff's Treats

12.     Tiff's Treats is an extremely successful and popular baked goods retail and delivery business specializing in warm cookie delivery that started in Austin, Texas in 1999. Tiff's Treats has since expanded with dozens of physical locations across Texas, Georgia, North Carolina, and Tennessee, as well as nationwide shipping, under the name and trademark TIFF'S TREATS. Further, since its inception, Tiff's Treats has conducted a large portion of its business via online sales and was an early adopter of online and social media sales and marketing.

13.     Tiff's Treats has a true nationwide presence. A substantial portion of its total sales are made to consumers in states in which it does not presently have physical locations. Furthermore, thousands of people have tried to order from Tiff's for delivery into Missouri in just the last 12 months As part of its expansion to national shipment of its products, Tiff's Treats has shipped its goods to purchasers in Missouri and Kansas. Tiff's Treats, the quality of its cookies and its nationwide reach and growing reputation have been written up in numerous awards and publications across the country. See representative articles attached as Exhibit A.

14.     Tiff's Treats was the first company in the United States to launch the "warm cookie delivery" concept, delivering warm, made-to-order, oven-fresh baked goods directly to the customer. More than twenty years after its founding Tiff's Treats' trademarks and trade dress are now very well known to signify Tiff's Treats' baked goods and services.

15. Tiff's Treats offers a range of baked goods and related services reaching numerous and varied consumers throughout Texas and other states. Tiff's Treats maintains a website at www.cookiedelivery.com, which provides information about Tiff's Treats and its operations.

16. Tiff's Treats' iconic ribbon bow trademark and trade dress (the "Bow Mark") has been a key element of its brand identity for approximately two decades. Consumers rely on the Bow Mark to identify Tiff's Treats' products and services. To secure its rights in the Bow Mark, Tiff's Treats obtained the below federal trademark registration with the United States Patent and Trademark Office ("USPTO"), the registration certificate for which are attached as Exhibit B:

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
|  RN: 4788813 SN: 86369775 | Registered, August 11, 2015 Int'l Class: 30,35,39,43 First Use: April, 2012 Filed: August 18, 2014 Registered: August 11, 2015 | (Int'l Class: 30) bakery goods; bakery desserts; frozen confections; ice cream desserts; ice cream sandwiches (Int'l Class: 35) retail bakery shops; online retail bakery shops (Int'l Class: 39) restaurant delivery services; delivery of food, namely, bakery goods, bakery desserts, frozen confections, frozen bakery goods, coffee, and tea (Int'l Class: 43) restaurant services, namely, providing of food and beverages for consumption on and off the premises; catering |

17. Additionally, Tiff's Treats owns the below registration incorporating the use of a bow as part of its box packaging trade dress, the registration certificate for which is attached as Exhibit C:

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| TIFF'S TREATS COOKIEDELIVERY.COM and Design <br><br>  <br><br> RN: 4566655 <br> SN: 85956702 | Registered Principal Register - Sec. 2(F) 8 & 15, January 16, 2020 <br> Int'l Class: 30 <br> First Use: June, 2010 <br> Filed: June 11, 2013 <br> Registered: July 15, 2014 | (Int'l Class: 30) <br> bakery goods; bakery desserts |

18.     In addition to the registrations above, Tiff's Treats has filed the below pending trademark applications with the USPTO for its special holiday and themed boxes, which incorporate the bow element, TSDR status printouts for which are  attached as Exhibit D:

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| TIFF'S TREATS COOKIEDELIVERY.COM HAPPY BIRTHDAY TIFF'S TREATS HAPPY BIRTHDAY HAPPY BIRTHDAY HAPPY BIRTHDAY HAPPY BIRTHDAY HAPPY BIRTHDAY HAPPY BIRTHDAY and Design <br><br>  <br><br> SN: 90118359 | Pending - Initialized Principal Register - Sec. 2(F), August 20, 2020 <br> Int'l Class: 30 <br> First Use: September 15, 2018 <br> Filed: August 17, 2020 | (Int'l Class: 30) <br> Bakery goods; bakery desserts |
| TIFF'S TREATS COOKIEDELIVERY.COM HAPPY HOLIDAYS TIFF'S TREATS HAPPY HOLIDAYS HAPPY HOLIDAYS HAPPY HOLIDAYS HAPPY HOLIDAYS and Design | Pending - Initialized Principal Register - Sec. 2(F), August 20, 2020 <br> Int'l Class: 30 <br> First Use: November 1, 2017 | (Int'l Class: 30) <br> Bakery goods; bakery desserts |

| | | |
|---|---|---|
| SN: 90118372 | Filed: August 17, 2020 | |
| <u>TIFF'S TREATS COOKIEDELIVERY.COM THANK YOU! TIFF'S TREATS THANK YOU! THANK YOU! THANK YOU! THANK YOU! THANK YOU! and Design</u> <br><br> SN: 90118368 | Pending - Initialized Principal Register - Sec. 2(F), August 20, 2020 Int'l Class: 30 First Use: September 15, 2018 Filed: August 17, 2020 | (Int'l Class: 30) Bakery goods; bakery desserts |
| <u>TIFF'S TREATS COOKIEDELIVERY.COM TIFF'S TREATS and Design</u> <br><br> SN: 90107027 | Pending - Initialized Principal Register - Sec. 2(F), August 14, 2020 Int'l Class: 30 First Use: November 1, 2017 Filed: August 11, 2020 | (Int'l Class: 30) Bakery goods; bakery desserts |

19. In addition to its rights in the Bow Mark, Tiff's Treats has used trade dress consisting of a white box with text and a laminated silver foil lining since at least as early as 2010. Tiff's Treats has used said trade dress (the "Box Trade Dress") in commerce continuously since that time throughout the State of Texas. Based on this longstanding, continuous use, consumers associate the Box Trade Dress uniquely with Tiff's Treats. The Box Trade Dress is famous throughout Texas and other parts of the country as Tiff's Treats has expanded. The Box Trade Dress is pictured below:



20. Tiff's Treats has also obtained federal trademark registrations for current iterations of the Box Trade Dress with the USPTO, the details of which are included in the chart below, registration certificates for which are attached as <u>Exhibit E</u>:

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| <u>TIFF'S TREATS COOKIEDELIVERY.COM and Design</u><br><br>RN: 4566655<br>SN: 85956702 | Registered Principal Register - Sec. 2(F) 8 & 15, January 16, 2020<br>Int'l Class: 30<br>First Use: June, 2010<br>Filed: June 11, 2013<br>Registered: July 15, 2014 | (Int'l Class: 30)<br>bakery goods; bakery desserts |
| <u>TIFF'S TREATS COOKIE DELIVERY and Design</u><br><br>RN: 6151638<br>SN: 88793271 | Registered Principal Register - Sec. 2(F), September 15, 2020<br>Int'l Class: 30<br>First Use: June 3, 2018<br>Filed: February 11, 2020<br>Registered: September 15, 2020 | (Int'l Class: 30)<br>Bakery goods; bakery desserts |

21.     Tiff's Treats has used the trademark COOKIE CASH in connection with customer loyalty programs for its baked goods business since at least as early as 2013. Consumers in Texas and elsewhere have come to recognize the COOKIE CASH trademark to identify the source of Tiff's Treats' consumer reward program services. To protect its rights, Tiff's Treats has obtained the below registration from the USPTO for its COOKIE CASH trademark, the registration certificate for which is attached as <u>Exhibit F</u>:

| <u>Mark/App. No./Reg. No.</u> | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| <u>COOKIE CASH</u><br>RN: 4830780<br>SN: 86542942<br>Disclaimer: "COOKIE" | Registered, October 13, 2015<br>Int'l Class: 35<br>First Use: January, 2013<br>Filed: February 23, 2015<br>Registered: October 13, 2015 | (Int'l Class: 35) administration of a customer loyalty program which provides discounts on bakery goods; providing incentive award programs for customers through issuance and processing of loyalty coupons for on-line purchase of a company's goods; retail store services in the field of bakery goods and beverages, featuring a discount incentive program for customers; arranging and conducting incentive award programs to promote the purchase of bakery goods and beverages; retail bakery shops; online retail bakery shops |

22.     Tiff's Treats has used the below trademarks incorporating the elements "WARM COOKIE" and "COOKIE DELIVERY" continuously since the claimed date of first use in Texas and has come to be known by them to consumers of its bakery goods and services, as covered by its registrations, the registration certificates for which are attached as <u>Exhibit G</u>:

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| #WARMCOOKIEMOMENT<br>RN: 5351251<br>SN: 86943638 | Registered,<br>December 5, 2017<br>Int'l Class: 30,39<br>First Use: April 18,<br>2017<br>Filed: March 17,<br>2016<br>Registered:<br>December 5, 2017 | (Int'l Class: 30)<br>bakery goods, bakery desserts<br>(Int'l Class: 39)<br>restaurant delivery services |
| BAKED TO ORDER. DELIVERED WARM.<br>RN: 5382771<br>SN: 87545036 | Registered<br>Supplemental<br>Register, January<br>16, 2018<br>Int'l Class: 30,39<br>First Use: 2003<br>Filed: July 27, 2017<br>Registered: January<br>16, 2018 | (Int'l Class: 30)<br>bakery goods; bakery desserts<br>(Int'l Class: 39)<br>delivery of food, namely, bakery<br>goods, bakery desserts |
| COOKIEDELIVERY.COM<br>RN: 5288860<br>SN: 87106987 | Registered Principal<br>Register - Sec. 2(F),<br>September 19, 2017<br>Int'l Class: 30<br>First Use:<br>November 28, 1999<br>Filed: July 18, 2016<br>Registered:<br>September 19, 2017 | (Int'l Class: 30)<br>bakery goods, bakery desserts |
| THE ORIGINAL WARM COOKIE DELIVERY<br>RN: 5836444<br>SN: 87502395 | Registered<br>Supplemental<br>Register, August 13,<br>2019<br>Int'l Class: 30,39,43<br>First Use:<br>November 17, 2017<br>Filed: June 23, 2017<br>Registered: August<br>13, 2019 | (Int'l Class: 30)<br>bakery goods; bakery desserts<br>(Int'l Class: 39)<br>delivery of food, namely, bakery<br>goods, bakery desserts<br>(Int'l Class: 43)<br>restaurant and carry out services;<br>catering |
| TIFF'S TREATS COOKIE DELIVERY and Design<br> | Registered,<br>September 11, 2018<br>Int'l Class:<br>30,35,39,43<br>First Use: July, | (Int'l Class: 30)<br>Bakery goods; bakery desserts;<br>frozen confections; frozen<br>bakery goods<br>(Int'l Class: 35) |

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| **Tiff's Treats**<br>cookie ✂ delivery<br><br>RN: 5562352<br>SN: 87540230 | 2017<br>Filed: July 24, 2017<br>Registered:<br>September 11, 2018 | Consultation in the field of corporate and business gift giving, namely, gift boxes of bakery goods; retail bakery services in the field of cookies and bakery goods, balloons, specialty and gift boxes, and gift certificates; online ordering services in the field of cookies and bakery goods, balloons, specialty and gift boxes, and gift certificates; Administration of a customer loyalty program which provides discounts on bakery goods; Providing incentive award programs for customers through issuance and processing of loyalty coupons for on-line purchase of a company's goods; Retail store services in the field of bakery goods and beverages, featuring a discount incentive program for customers; Arranging and conducting incentive award programs to promote the purchase of bakery goods and beverages; Retail bakery shops; online retail bakery shops<br>(Int'l Class: 39)<br>delivery of food, namely, bakery goods, bakery desserts, frozen confections, frozen bakery goods, and beverages<br>(Int'l Class: 43)<br>restaurant services; food preparation services; take-out restaurant services; restaurants featuring delivery to homes, offices, and businesses; catering services |
| TIFF'S TREATS COOKIE DELIVERY and Design | Registered,<br>September 11, 2018<br>Int'l Class: | (Int'l Class: 30)<br>Bakery goods; bakery desserts; frozen confections; frozen |

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| **Tiff's Treats**<br>cookie delivery<br><br>RN: 5562351<br>SN: 87540177 | 30,35,39,43<br>First Use: July, 2017<br>Filed: July 24, 2017<br>Registered: September 11, 2018 | bakery goods<br>(Int'l Class: 35)<br>Consultation in the field of corporate and business gift giving, namely, gift boxes of bakery goods; retail bakery services in the field of cookies and bakery goods, balloons, specialty and gift boxes, and gift certificates; online ordering services in the field of cookies and bakery goods, balloons, specialty and gift boxes, and gift certificates; Administration of a customer loyalty program which provides discounts on bakery goods; Providing incentive award programs for customers through issuance and processing of loyalty coupons for on-line purchase of a company's goods; Retail store services in the field of bakery goods and beverages, featuring a discount incentive program for customers; Arranging and conducting incentive award programs to promote the purchase of bakery goods and beverages; Retail bakery shops; online retail bakery shops<br>(Int'l Class: 39)<br>delivery of food, namely, bakery goods, bakery desserts, frozen confections, frozen bakery goods, and beverages<br>(Int'l Class: 43)<br>restaurant services; food preparation services; take-out restaurant services; restaurants featuring delivery to homes, offices, and businesses; catering services |

| Mark/App. No./Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| TIFF'S TREATS COOKIE DELIVERY and Design  RN: 5373002 SN: 87272690 | Registered, January 9, 2018 Int'l Class: 30,39,43 First Use: October 3, 2016 Filed: December 19, 2016 Registered: January 9, 2018 | (Int'l Class: 30) bakery goods; bakery desserts; candy; frozen confections; frozen bakery goods; fresh, frozen and refrigerated dough; coffee; and tea (Int'l Class: 39) delivery of food, namely, bakery goods, bakery desserts, candy, frozen confections, frozen bakery goods, fresh, frozen and refrigerated dough, coffee, and tea (Int'l Class: 43) restaurant and carry out services; catering |
| TIFF'S TREATS COOKIE DELIVERY and Design  RN: 4014442 SN: 78974774 | Registered 8 & 15, July 10, 2017 Int'l Class: 30,39,43 First Use: September 1, 2004 Filed: September 14, 2006 Registered: August 23, 2011 | (Int'l Class: 30) bakery goods; bakery desserts; candy; frozen confections; frozen bakery goods; fresh, frozen and refrigerated dough; coffee; and tea (Int'l Class: 39) delivery of food, namely, bakery goods, bakery desserts, candy, frozen confections, frozen bakery goods, fresh, frozen and refrigerated dough, coffee, and tea (Int'l Class: 43) restaurant and carry out services; catering |

23.     Through longstanding and continuous use, the marks identified above (the "Tiff's Treats Trademarks and Trade Dress") have become recognized as designations of source of the goods and services offered by Tiff's Treats. Through its longstanding use and promotion of its goods and services under these marks, Tiff's Treats has also developed significant common law rights therein.

24.     Pursuant to the Lanham Act, Tiff's Treats' Principal Register registrations constitute prima facie evidence of: (a) the validity of the Tiff's Treats Trademarks and Trade Dress and of the registrations thereof; (b) Tiff's Treats' ownership of the Tiff's Treats Trademarks and Trade Dress; and (c) Tiff's Treats' exclusive right to use the Tiff's Treats Trademarks and Trade Dress on or in connection with the products and services stated in the registrations, including the exclusive right to license the Tiff's Treats Trademarks and Trade Dress on or in connection with the products and services stated in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, Tiff's Treats' registrations constitute constructive notice of Tiff's Treats' claim of ownership of the Tiff's Treats Trademarks and Trade Dress. *See* 15 U.S.C. § 1072. Further, Registration Nos. 4,014,442 and 4,566,655 are incontestable pursuant to 15 U.S.C. § 1065.

### Defendants' Activities

25.     Long after Tiff's Treats began using the Tiff's Treats Trademarks and Trade Dress, and after Tiff's Treats had registered the Tiff's Treats Trademarks and Trade Dress, Defendants began advertising, marketing and selling bakery goods and/or services under marks and names identical with or confusingly similar to the Tiff's Treats Trademarks and Trade Dress.

26.     Defendants have a history of copying Tiff's Treats' advertising, trademarks, and/or trade dress in a manner intended to copy, to trade off of Tiff's Treats' hard-earned goodwill, and to confuse consumers.

27.     In 2012, Tiff's Treats first discovered Hot Box Cookies' imitation of its branding elements and website trade dress when Defendants copied significant portions of Tiff's Treats' content and website trade dress from its website at cookiedelivery.com. At that time, Tiffs' Treats sent a cease and desist letter to Defendants demanding that they cease such infringement of Tiff's

Treats intellectual property. Printouts of Tiff's Treats' and Defendants' respective websites at the time demonstrating the objectionable content are attached as <u>Exhibit H</u>. After negotiations, Defendants removed the infringing material.

28.     On or about July 24, 2018, Defendant Ryan Rich visited Tiff's Treats' headquarters in Austin, Texas, purportedly to discuss a potential acquisition of Defendants' business by Tiff's Treats. On information and belief, this visit was in fact a reconnaissance mission to gather intelligence on Tiff's Treats proprietary information and branding strategy in order to copy Tiff's Treats branding materials, trademarks, and trade dress, in order to compete unfairly with Tiff's Treats. Discussions between Tiff's Treats and Defendants continued at least through July 2018, during which time Defendants signed various documents related to the discussions. Defendants purposely availed themselves of the benefits of this forum with this in-person visitation to gain access to Tiff Treat's proprietary information. Indeed, Defendants absolutely intended to both subject themselves to Texas law and fall within the protection of Texas law. Defendants' specifically agreed to subject themselves to Texas law when they signed agreements with Tiff's Treats on February 13, 2018 and June 25, 2018, both of which expressly designated the laws of the State of Texas as governing and the courts of the State of Texas as the forum for any disputes arising therefrom.

29.     Upon information and belief, following the July 2018 visit to Tiff's Treats' headquarters, Hot Box redesigned its product packaging to imitate the Box Trade Dress. Specifically, Defendant replaced its prior box which utilized a stock paper board brownish colored interior and flatter configuration along with primarily red exterior, and replaced it with a custom box laminated with a silver foil box interior to imitate the Tiff's Treats Box Trade Dress with primarily white exterior. See for example, printouts from Defendants' Facebook page attached as

Exhibit I showing use of the paper board box until on or around March 2019; see also the timeline and advertising comparison attached as Exhibit J. Upon information and belief, Defendants also added the large stylized wording "WARM COOKIE DELIVERY" and unveiled a "COOKIE CASH" loyalty program, all directly copying the Tiff's Treats Trademarks and Trade Dress. Recently, and in any event after the visit by Ryan Rich to Tiff's Treats headquarters, Tiff's Treats discovered that Defendants were using boxes with (1) silver foil lining, (2) a ribbon bow, (3) Tiff's Treats' registered COOKIE CASH trademark, and (4) the wording "WARM COOKIE DELIVERY" written in large stylized lettering, in striking similarity to Tiff's Treats Box Trade Dress. Images of the infringing boxes are shown below:

 

 

30.     The boxes pictured above are highly similar to the Box Trade Dress. Texas consumers, to whom the Box Trade Dress is famous, may encounter Defendants' boxes either when placing an order for delivery to recipients in Defendants' delivery area, or when traveling in the areas in which Defendants have store locations or service deliveries. The use of "COOKIE CASH" on Defendants' packaging is identical to Tiff's Treats' COOKIE CASH federally registered trademark and the silver interior is also identical to the interior of the Tiff's Treats Box Trade Dress.

31.     Tiff's Treats has communicated its objections to Defendants' infringing activity on multiple occasions. Despite this, Defendants have not ceased their unauthorized use of the Tiff's Treats Trademarks and Trade Dress. Tiff's Treats can only assume Defendants intend to continue and expand their unauthorized use of the Tiff's Treats Trademarks and Trade Dress.

32.     The repeated and unauthorized use of the Tiff's Treats Trademarks and Trade Dress by Defendants in connection with Defendants' bakery goods and/or services is designed and

intended to cause confusion among consumers as to the source and sponsorship of the goods and/or services offered by Defendants by Tiff's Treats.

33. Defendants' conduct is likely to cause confusion among consumers as to the affiliation or connection with, or sponsorship of Defendants' goods and/or services by Tiff's Treats. Defendants' repeated use of the Tiff's Treats Trademarks and Trade Dress, coupled with their pattern of knowingly copying and competing unfairly with Tiff's Treats, evidences an intent to trade on the goodwill of Tiff's Treats by associating Defendants' products and services with Tiff's Treats and to appropriate unfairly the hard earned value and goodwill associated with the Tiff's Treats Trademarks and Trade Dress.

34. Defendants' infringing conduct in commerce is entirely without the permission, license or authority of Tiff's Treats. Such conduct is likely to cause confusion with and dilutes the distinctiveness of the Tiff's Treats Trademarks and Trade Dress, and infringes the federally-registered Tiff's Treats Trademarks and Trade Dress. Defendants' infringement is willful.

35. Defendants began their infringement of the Tiff's Treats Trademarks and Trade Dress with full knowledge of Tiff's Treats' prior use of and rights in the Tiff's Treats Trademarks and Trade Dress. On information and belief, Defendants have studied Tiff's Treats Trademarks and Trade Dress under the guise of a potential business deal and undertook these actions with the intent of confusing consumers and visitors to Defendants' websites, so that Defendants could trade on and receive the benefit of the goodwill built up at great labor and expense by Tiff's Treats over the past two decades.

36.     Tiff's Treats' intellectual property has propelled Tiff's Treats from a two person operation in Austin to a national presence with over 60 stores and over a 1,500 employees in multiple states and a national online and mail order business.

37.     Defendants' are likewise present in multiple states and have publically stated their expansion plans. Steph Kukuljan, *Hot Box Cookies Sweetens Up St. Louis With Fourth Location*, ST. LOUIS BUSINESS JOURNAL (Oct. 16, 2020), https://www.bizjournals.com/stlouis/news/2020/10/16/hot-box-cookies.html?ana=ksdk (Defendant "has locations in Clayton; Central West End; Tower Grove South; Lawrence, Kansas; and Columbia, Missouri, where it first launched in 2008. The brand is also planning a location in Kirkwood, as well as expansion into Illinois next year."), a copy of which is attached as Exhibit K. Defendants also purport to offer franchising opportunities, including in Texas as shown at https://www.hotboxcookies.com/franchise. See franchise offer at Exhibit L.

38.     Defendants' goods and services are available for purchase to online consumers from anywhere in the United States, including in this District and throughout the State of Texas.

39.     Defendants, individually and collectively, have willfully infringed and diluted the Tiff's Treats Trademarks and Trade Dress. Their actions are intentionally and expressly aimed at Tiff's Treats, its headquarters, and its intellectual property within both the State of Texas and this District. Defendants travelled to Tiff's Treats corporate headquarters in Texas under the guide of business negotiations and subsequently redesigned their product packaging to imitate and infringe the Tiff's Treats Trademarks and Trade Dress. Defendants' actions have caused actual harm to Tiff's Treats' brand and reputation, which Defendants knew was likely to be suffered in the State of Texas and this District.

40.     On information and belief, the individual Defendant named in this action, Ryan Rich, has actively participated, in concert and at the same business address, in the formation of and operation of multiple businesses and assumed names operating the "Hot Box Cookies" business, and has authorized, directed, or participated in the infringement of Plaintiff's rights. Mr. Rich, as an individual, has filed an assumed name record (D/B/A) for the name "Hot Box Cookie" to conduct business under the same as an individual. He has been a central figure in tortious conduct harming Plaintiff and Plaintiff' Tiff's Treats Trademarks and Trade Dress and is consequently individually liable in addition to Defendants Hot Box Cookies, LLC and Cookie Peddlers, LLC D/B/A Hot Box Cookies.

## Effects Of Defendants' Activities

41.     Defendants' infringing conduct, described herein, is likely to cause confusion, to cause mistake, and/or to deceive consumers, at least as to some affiliation, connection, or association of Defendants with Tiff's Treats, or as to the origin, sponsorship, or approval of the goods and/or services of Defendants by Tiff's Treats.

42.     Defendants' infringing conduct, described herein, falsely indicates to consumers that the Defendants' goods and/or services are affiliated, connected, or associated with Tiff's Treats, or are sponsored, endorsed, or approved by Tiff's Treats, or are in some manner related to Tiff's Treats.

43.     Defendants' infringing conduct, described herein, enables Defendants to trade on and receive the benefit of goodwill in the Tiff's Treats Trademarks and Trade Dress, which has been built up at great labor and expense over many years. Use of Tiff's Treats Trademarks and Trade Dress, or trademarks and trade dress confusingly similar thereto, by Defendants in the

manner described above also enables Defendants to gain acceptance for their products and/or services, not solely on their own merits, but on the reputation and goodwill of Tiff's Treats and the Tiff's Treats Trademarks and Trade Dress.

44. Defendants' infringing conduct, described herein, prevents Tiff's Treats from controlling the nature and quality of goods and/or services provided as a result of those uses and place the valuable reputation and goodwill of Tiff's Treats in the hands of Defendants, over whom Tiff's Treats has no control.

45. Defendants' infringing conduct also impairs the distinctiveness of Tiff's Treats' famous Box Trade Dress and harms the reputation thereof.

46. Defendants' conduct has caused irreparable injury to Tiff's Treats and, unless restrained by this Court, will continue to cause irreparable injury to Tiff's Treats. There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-46 as though fully stated herein.

48. The acts of Defendants complained of herein constitute infringement of the federally registered Tiff's Treats Trademarks and Trade Dress in violation of 15 U.S.C. § 1114(1).

49. The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

50. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT II: FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

51.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-50 as though fully stated herein.

52.    The acts of Defendants complained of herein constitute trademark infringement of the Tiff's Treats Trademarks and Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.    Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT III: FEDERAL UNFAIR COMPETITION

54.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-53 as though fully stated herein.

55.    The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

56.    Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT IV: TEXAS COMMON LAW TRADEMARK INFRINGEMENT

57.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-56 as though fully stated herein.

58.    The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Texas.

59. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT V: TEXAS COMMON LAW UNFAIR COMPETITION

60. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-59 as though fully stated herein.

61. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Texas.

62. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT VI: TEXAS TRADEMARK DILUTION

63. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-62 as though fully stated herein.

64. The acts of Defendants complained of herein constitute willful trademark dilution of the Box Trade Dress in violation of Section 16.103 of the Texas Business and Commerce Code, Tex. Bus. & Com. Code §16.103.

Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendants including the following relief, and any other relief to which Plaintiff may show themselves entitled:

65.     Defendants, their officers, members, agents, servants, employees, attorneys and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from:

(a)     Using the Tiff's Treats Trademarks and Trade Dress, or any trademarks or trade dress confusingly similar thereto, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, delivery, offering for sale, and/or sale of any goods or services, including, without limitation, cookies and bakery goods and related restaurant and delivery services;

(b)     Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe or dilute the distinctiveness of Tiff's Treats Trademarks and Trade Dress;

(c)     Conspiring with, aiding, assisting or abetting, or colluding with any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

66.     Consistent with paragraph (1) above, Defendants be ordered to remove from display any products, product packaging, advertisements, signage, marketing materials, internet web pages, and/or social media pages, comprising or containing their infringing conduct or bearing or depicting Tiff's Treats Trademarks and Trade Dress, or any trademarks or trade dress likely to cause confusion therewith or to cause dilution thereof, including all internet web pages, web advertisements, social media posts, print advertisements, brochures, and products and packaging in inventory. Defendants also be ordered to submit to the Court and serve upon Plaintiff, within thirty (30) days after the entry and services of an injunction, a full written accounting detailing

gross sales of any goods and/or services in connection with Tiff's Treats Trademarks and Trade Dress, or any trademarks or trade dress confusingly similar thereto.

67.    Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, product packaging, advertisements, signage, marketing materials, internet web pages and/or social media pages, and any other materials in their possession, custody, or control comprising or containing or bearing or depicting the Tiff's Treats Trademarks and Trade Dress, or any trademarks or trade dress confusingly similar thereto.

68.    Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

69.    Plaintiff recover all damages they have sustained as a result of the activities of Defendants.

70.    Pursuant to 15 U.S.C. § 1117, Plaintiff be awarded treble damages and attorneys' fees for willful infringement.

71.    An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid over to Tiff's Treats, increased as the Court finds to be just under the circumstances of this case.

72.    Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff' expense from its wrongful actions.

73.     Plaintiff be awarded costs and fees related to this action, including, but not limited to, reasonable attorneys' fees.

74.     Plaintiff be awarded pre-judgment and post-judgment interest.

75.     Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Tiff's Treats hereby requests a trial by jury for all issues so triable, pursuant to Fed. R. Civ. P. 38(b) and 38(c).

Dated: November 23, 2020

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Marc B. Collier*
Marc B. Collier
State Bar No. 00792418
marc.collier@nortonrosefulbright.com
Stephanie A. Schmidt
State Bar No. 24106406
stephanie.schmidt@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 536-5288
Facsimile: (512) 536-4598

*Attorneys for Plaintiff Tiff's Treats Holdings, Inc.*